[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15330
Non-Argument Calendar
_____

D. C. Docket No. 05-80024-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY B. HODGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2006)**

Before TJOFLAT, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Anthony Hodges appeals his 192-month sentence for possession of a firearm

by a convicted felon, under 18 U.S.C. §§ 922(g)(1) and 924(e). The district court sentence Hodges under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA") based on prior Florida state convictions for possession of cocaine with intent to sell within 1,000 feet of a public housing facility, aggravated assault, and battery. Hodges argues that the district court erred in applying a statutory mandatory-minimum sentence under § 924(e) because this violated the law announced in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Second, Hodges argues that his constitutional rights were violated when the district court sentenced him under the enhanced penalties under the ACCA and used prior convictions that were not alleged in an indictment or proven to a jury.

Because Hodges did not make any objections to the presentence investigation report ("PSI") or at his sentencing hearing, review is for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under plain error, we "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation omitted). If these three conditions have been met, we only exercise our discretion to reverse the error if "(4) [it] seriously affects the fairness, integrity, or public reputation of judicial

2

proceedings." Id. (quotation omitted). When a defendant fails to object to facts in the PSI, those facts are admitted. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

In Booker, the Supreme Court concluded that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 543 U.S. at 233-34, 125 S.Ct. at 749-51. The Supreme Court also held that a fact, other than a prior conviction, that supports a sentence exceeding the statutory maximum must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. Id. at 244, 125 S.Ct. at 756. Thus, there are two types of Booker error, (1) constitutional error of using facts that were not proven to a jury to enhance a defendant's sentence, and (2) statutory error of sentencing under a mandatory Guideline. See Shelton, 400 F.3d at 1329-31.

*I. Statutory Booker error*

We have emphasized that there is no statutory error when a defendant is sentenced under statutory mandatory minimums, as opposed to mandatory minimums under the Guidelines. See id. at 1333 n.10. Under 18 U.S.C. § 924(e), if a defendant is found to be an armed career criminal, his statutory mandatory minimal sentence is enhanced to 15 years' imprisonment.

3

In this case, Hodges's argument against the use of a statutory mandatory minimum fails. We have expressly stated that district courts are still required to sentence in accordance with these statutes after Booker. See Shelton, 400 F.3d 1325, 1333 n.10. The district court sentenced Hodges under 18 U.S.C. § 924(e), and thus, Hodges's argument against statutory mandatory-minimum sentencing is without merit.

## II. Constitutional *Booker* error

In addressing Hodges's constitutional arguments under Booker, the analysis begins with the relevant provisions of the ACCA. In order to enhance a sentence under the ACCA, the sentencing court must find that the defendant had "three previous convictions by any court [as listed in § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. 924(e)(1). The term "violent felony" is defined in ACCA as any crime that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The term "serious drug offense" includes, "an offense under State law, involving manufacturing, distributing, or possessing with intent to

4

manufacture or distribute a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Cocaine is listed as a controlled substance. 21 U.S.C. § 802(17)(D). Under Florida law, possession of cocaine with intent to sell within 1,000 feet of a public housing facility has a maximum term of imprisonment of 30 years. Fla. Stat. §§ 775.082(3)(b), 893.03(2)(a)(4), 893.13(1)(f)(1).

In Almendarez-Torres v. United States, the Supreme Court held that the government need not allege a prior conviction in the indictment nor prove it beyond a reasonable doubt to a jury in order to use that conviction for purposes of enhancing a sentence. 523 U.S. 224, 226-27 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). In United States v. Shepard, however, the Supreme Court noted the difference between the "fact of a prior conviction" and a "fact about a prior conviction," for purposes of enhancing a sentence under the ACCA. 544 U.S. 13, 24-26, 125 S.Ct. 1254, 1262-63, 161 L.Ed.2d 205 (2005). The former is governed by Almendarez-Torres and may be determined by the sentencing judge, while the latter may only be found by the sentencing judge if based on a limited set of documents laid out in Shepard. 544 U.S. at 26, 125 S.Ct. at 1263. In determining whether a prior conviction qualifies as a violent felony–a fact about a

5

conviction–for purposes of increasing a defendant's sentence, a sentencing judge is limited to examining "the statutory elements, charging document, any plea agreement and colloquy or jury instructions, or comparable judicial record." United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006).

In Greer, we held that a district court may find the facts necessary to determine that a prior conviction was a "violent felony" for purposes of defining an individual as a armed career criminal. Id. at 1275-76. Specifically, we found that "there [was] no Shepard problem because the violent nature of each prior conviction, as 'violent' is defined in the ACCA, can be determined from the face of the certified copy of the conviction document read along with the indictment and in light of the statutory elements of the offense." Id.

In this case, Hodges's basic contention is that a district court errs when it, instead of the jury, determines if a prior felony conviction is a "violent felony" for purposes of the ACCA. We have expressly held that a district court may make this determination, but the court is limited to certain documents in the record to make that determination. Greer, 440 F.3d at 1267. Thus, the main thrust of Hodges argument is in direct conflict with this Court's precedent and necessarily fails, and thus, there was no constitutional error when the judge, not the jury, made the decision to determine if Hodges's prior convictions were violent felonies.

6

In so far as Hodges argues that the district court erred in its determination that the prior convictions were felonies, this argument fails as well. Hodges did not object to this determination in the PSI or before the sentencing court, and therefore, he admitted these facts and waived any arguments contesting those facts. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, a review of the convictions shows that they were for possession of cocaine with intent to sell, aggravated assault, and battery. These convictions qualify as predicate felonies under the ACCA because they were violent felonies or serious drug offenses on their face and the proper documents that support this finding were in the record. 18 U.S.C. § 924(e)(1) and (2); Greer, 440 F.3d at 1275-76. Thus, the district court did not err, much less plainly err, in determining that Hodges's prior convictions were predicate felonies.

Accordingly, based on our review of the record and the parties' briefs, we affirm Hodges's sentence.

**AFFIRMED.**